# EXHIBIT A-1

{HD107459.1}

**INDEX OF DOCUMENTS FILED WITH REMOVAL ACTION**

**MANUEL AND ELAINE RODRIGUEZ V. THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY, IN THE 269TH JUDICIAL DISTRICT COURT IN HARRIS COUNTY, TEXAS**

(1)     Plaintiffs' Original Petition;

(2)     Certified Mail Receipt;

(3)     Certified Mail Tracking # 7019 0140 0000 5914 5176;

(4)     The Northwestern Mutual Life Insurance Company's Answer to Plaintiffs' Original Petition; and

(5)     The Docket Sheet

{HD107459.1}

## LIST OF ATTORNEYS / PARTIES

1.      Michelle Calhoun
        W. Lee Calhoun
        CALHOUN LAW FIRM
        1350 North Loop 1604 E., Suite 105
        San Antonio, Texas 78232
        Telephone: (210) 863-5534
        Facsimile: (210) 495-6790
        **Attorneys for Plaintiff**

2.      Daniel J. Baldwin
        JONES WALKER LLP
        811 Main, Suite 2900
        Houston, Texas 77002
        Telephone: (713) 437-1800
        Facsimile: (713) 437-1810
        **Attorney for Defendant**

11/4/2019 4:44 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38212954
By: Nelson Cuero
Filed: 11/4/2019 4:44 PM

**CAUSE NO. _____**

| | | |
|---|---|---|
| MANUEL AND ELAINE RODRIGUEZ | § | IN THE DISTRICT COURT |
| | § | |
| V. | § | |
| | § | _____ JUDICIAL COURT |
| | § | |
| | § | |
| NORTHWESTERN MUTUAL | § | HARRIS COUNTY, TEXAS |
| LIFE INSURANCE COMPANY | § | |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW Comes Manuel and Elaine Rodriguez, hereinafter referred to as "Plaintiffs," complaining of Defendant, Northwestern Mutual Life Insurance Company, hereinafter referred to as "Defendant," and hereby respectfully shows unto the Court and Jury as follows:

## DISCOVERY CONTROL PLAN

Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs asks the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

## PARTIES

Plaintiffs, Manuel and Elaine Rodriguez, are individuals and residents of Texas.

Defendant, Northwestern Mutual Life Insurance Company ("Northwestern"), is a foreign insurance company that, on information and belief, is licensed to conduct the business of insurance in Texas. It can be served with citation by serving its attorney for service, C TAIT CRUSE, by certified mail, return receipt requested, at 5420 LYNDON B JOHNSON FWY SUITE 1300, DALLAS, TEXAS 75240-6299.

## JURISDICTION AND VENUE

This Court has jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.  Venue is proper in Harris County, Texas under the Texas Civil Practice and Remedies Code in that the cause of action asserted herein accrued, in substantial part, in Harris County, Texas and the contract being the subject of this suit was to be performed in Harris County, Texas.

## CONDITIONS PRECEDENT

All conditions precedent to recovery have been performed, waived, or have occurred.

## FACTS

A.  Adam Haiduk procured two life insurance policies, Policy No. 20-291-126 and Policy No. 20-291-102, issued by Defendant Northwestern (hereinafter referred to as the "Insurance Policies.").  According to his application, Mr. Haiduk applied for both policies at the same time and the policies were listed as "companion" policies.

B.  Plaintiffs, Manuel and Elaine Rodriguez, were listed as beneficiaries under the applicable Insurance Policies and as such have an insurable interest and are entitled to collect on the policies' benefits.  It is Plaintiffs' understanding at the time of his death, Mr. Haiduk maintained the Insurance Policies in full force and effect and paid the premiums for such policies.

C.  On August 31, 2016, Mr. Haiduk passed away in Harris County, Texas.

D.  On September 28, 2016, Mr. Rodriguez sent in information to Defendant Northwestern concerning Mr. Haiduk's death and according to his correspondence, Mr. Rodriguez was aware that him and his wife were beneficiaries of Policy No. 20-291-102.

E.   On October 4, 2016, Defendant represented to Plaintiffs that they were paying out life insurance proceeds to Plaintiffs, but failed to explain as to how they determined the life insurance benefits to be.  According to the document, the "face amount" was "the basic death benefit on a life insurance policy."  Upon later realization, the amounts received did not add up to the amount of the actual policy.  Even after attorney representation, Defendant has refused to explain how they determined the proceeds even after inquiry was made.

F.   On February 1, 2017, Plaintiffs then discovered the other companion life insurance policy, Policy Number No. 20-291-126 (as well as another disability policy).  Plaintiff Manuel Rodriguez immediately contacted Defendant about the policies and wanted to know more about them, especially life insurance Policy No. 126.  Based on the paperwork he had found, Mr. Haiduk had applied for both policies together and both policies looked to have been in force at the time of his death.

G.   Unfortunately, he was told by Northwestern that only the owner or payor of the policy could be provided that information.  Of course, this made no sense since Mr. Haiduk was deceased and Plaintiffs were the designated beneficiaries on both policies.

H.   After further inquiry by Plaintiff Manuel Rodriguez, Defendant continued to deny that they could provide any information concerning the policies "according to the law about life insurance."  Instead, Plaintiff was forced to take Defendant's word for it based on the following:  "I remember my conversation with him and it is also case noted that he cancelled the policies."  Defendant produced no documentation to Plaintiffs to support their representation that Policy No. 126 and his disablity policy were properly cancelled and no longer in effect at the time of Mr. Haiduk's death.

I.      Here, Plaintiffs believes both life insurance policies were in effect at the time of Mr. Haiduk's death and for that reason, Defendant has committed a breach of contract among other violations of the Texas Insurance Code for not paying out on Policy No. 102. Additionally, Plaintiffs are aware that Defendant did not properly pay out on Policy No. 126, of which has also resulted in a breach of contract and other violations of the Texas Insurance Code.

## THEORIES OF LIABILITY

**A. Cause of Action for Breach of Contract**

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein. Under the Insurance Policies, Defendant has the duty to investigate and pay Plaintiffs' policy benefits.   Defendant's failure and refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policies in question and under the laws of the State of Texas, constitutes a breach of Defendant's contract.   As a result of this breach of contract, Plaintiff has suffered the damages that are described in this petition.

**B. Cause of Action for Violation of Section 542**

Defendant has violated Section 542 by failing to pay Plaintiffs' claim within the applicable statutory period.   In addition, in the event it is determined that Defendant owes Plaintiffs any additional monies on Plaintiffs' claim, then Defendant has automatically violated Section 542 in this case.

**C.  DTPA Cause of Action**

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein.  Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendant under the provisions of the DTPA.  Plaintiffs are consumer of goods and services

provided by Defendant pursuant to the DTPA. Plaintiffs have met all conditions precedent to bringing this cause of action against Defendant. Specifically, Defendant's violations of the DTPA include, without limitation, the following matters:

By its acts, omissions, failures, and conduct that are described in this petition, Defendant has violated Sections 17.46 (b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. In this respect, Defendant's violations include, without limitation, (1) its unreasonable investigation into Plaintiffs' claim (2) its unreasonable denial of Plaintiffs' claim (3) its failure to pay for the policy benefits on which liability had become reasonably clear, which gives Plaintiff the right to recover under Section 17.46 (b)(2). As described in this petition, Defendant represented to Plaintiffs that its insurance policies and Defendant's adjusting and investigative services had characteristics or benefits that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(5) of the DTPA. As described in this petition, Defendant represented to Plaintiff that its insurance policies and Defendant's adjusting and investigative services were of a particular standard, quality, or grade when they were of another in violation of Section 17.46 (b)(7) of the DTPA. As described in this petition, Defendant advertised its insurance policies and adjusting and investigative services with intent not to sell them as advertised in violation of Section 17.46 (b)(9) of the DTPA. As described in this petition, Defendant represented to Plaintiffs that its insurance policies and Defendant's adjusting and investigative services conferred or involved rights, remedies, or obligations that it did not have, which gives Plaintiffs the right to recover under Section 17.46 (b)(12) of the DTPA.

Defendant's actions, as described in this petition, are unconscionable in that it took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree. Defendant's unconscionable conduct gives Plaintiffs the right to relief under Section 17.50(a)(3)

of the DTPA; and Defendant's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of Section 17.50 (a)(4) of the DTPA.

All of the above-described acts, omissions, and failures of Defendant are a producing cause of Plaintiffs' damages that are described in this petition. All of the above-described acts, omissions, and failures of Defendant were done knowingly and intentionally as those terms are used in the Texas Deceptive Trade Practices Act.

**D.  Cause of Action for Unfair Insurance Practices**

Plaintiffs reallege and incorporate by reference all previous and subsequent paragraphs herein. Plaintiffs incorporate all the allegations in this petition for this cause of action against Defendant under the Texas Insurance Code.  Plaintiffs have satisfied all conditions precedent to bringing this cause of action.   By its acts, omissions, failures, and conduct, Defendant has engaged in unfair and deceptive acts or practices in the business of insurance in violation of 541 of the Texas Insurance Code.   Such violations include, without limitation, all the conduct described in this petition plus Defendant's unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim and Defendant's failure to pay for the policy benefits on which liability had become reasonably clear. Specifically, as described in Plaintiffs' factual allegations, Defendant is guilty of the following unfair insurance practices:

A. Engaging in false, misleading, and deceptive acts or practices in the business of insurance in this case;

B. Engaging in unfair claims settlement practices;

C. Misrepresenting to Plaintiffs pertinent facts or policies provisions relating to the coverage at issue;

D.     Not attempting in good faith to effectuate a prompt, fair, and equitable settlement of claims submitted in which liability has become reasonably clear;

E.     Failing to affirm or deny coverage of Plaintiffs' claim within a reasonable time;

F.     Refusing to pay Plaintiffs' claim without conducting a reasonable investigation with respect to the claim; and

G.     Failing to provide promptly to a policyholder a reasonable explanation of the basis in the insurance policies in relation to the facts or applicable law for the denial of a claim or for the offer of a company's settlement.

Defendant has also breached the Texas Insurance Code when it breached its duty of good faith and fair dealing.   Defendant's conduct as described herein has resulted in Plaintiffs' damages that are described in this petition.   All of the above-described acts, omissions, and failures of Defendant were done knowingly as that term is used in the Texas Insurance Code.

## WAIVER AND ESTOPPEL

Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

The above described acts, omissions, failures and conduct of Defendant has caused Plaintiffs' damages, which were the benefits under the policies.   Plaintiffs are also entitled to recover consequential damages from Defendant's breach of contract.   Plaintiffs are also entitled to recover the amount of Plaintiff's claim plus an 18% per annum penalty on that claim against Defendant as damages under Section 542 of the Texas Insurance Code, plus prejudgment interest and attorneys fees.   In an effort to comply with Rule 47(c) of the Texas Rules of Civil Procedure,

Plaintiff seeks monetary relief over $1,000,000.  Therefore, all the damages described in this petition are within the jurisdictional limits of the Court.

## ADDITIONAL DAMAGES

Defendant has also "knowingly" and "intentionally" committed deceptive trade practices and unfair insurance practices as those terms are defined in the applicable statutes.  Because of Defendant's knowing and intentional misconduct, Plaintiffs are entitled to additional damages as authorized by Section 17.50(b)(1) of the DTPA.  Plaintiffs are further entitled to the additional damages that are authorized by Section 541 of the Texas Insurance Code.

## EXEMPLARY DAMAGES

These violations by Defendant are the type of conduct which the State of Texas protects its citizen against by the imposition of exemplary damages.  Therefore, Plaintiffs seek the recovery of exemplary damages in an amount to be determined by the finder of fact that is sufficient to punish Defendant for their wrongful conduct and to set an example to deter Defendant and others similarly situated from committing similar acts in the future.

## ATTORNEYS' FEES

As a result of Defendant's conduct that is described in this petition, Plaintiffs have been forced to retain the undersigned attorneys to prosecute this action and have agreed to pay reasonable attorneys' fees.  Plaintiffs are entitled to recover these attorneys' fees under Chapter 38 of the Texas Civil Practices and Remedies Code, Sections 541 and 542 of the Texas Insurance Code, and Section 17.50 of the DTPA.

## JURY DEMAND

Plaintiffs assert Plaintiffs' right to a trial by jury, under Texas Constitution Article 1, Section 15, and makes this demand for a jury trial at least 30 days before the date this case is set

for trial, in accordance with Texas Rule of Civil Procedure 216.  Plaintiffs tender the fee of $30.00, as required by Texas Government Code Section 51.604.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendant be cited to appear and answer herein, and that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate her in accordance with the rules of law and procedure, both as to actual damages, consequential damages, treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found.  In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, at law or in equity, to which she may show themselves to be justly entitled.

Respectfully submitted,

**CALHOUN LAW FIRM**
1350 North Loop 1604 E., Suite 105
San Antonio, Texas 78232
(210) 863-5534 (Telephone)
(210) 495-6790 (Facsimile)

By:  ___/s/ Shelly Calhoun___
MICHELLE "SHELLY" CALHOUN
Texas State Bar No. 24068246
shelly@calhounattorney.com
W. LEE CALHOUN
Texas State Bar No. 24078300
lee@calhounattorney.com
**ATTORNEYS FOR PLAINTIFFS**

2019-80323



U.S.
CE
Do

For

**MARILYN BURGESS**
**HARRIS COUNTY DISTRICT CLERK**
P.O. BOX 4651
RECEIVED
HOUSTON, TX 77210-4651
MR

Certified Mail Fee
$ 3.50

NOV 0 5 2019

2019-80323
269th Court

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required            $
☐ Adult Signature Restricted Delivery $

Marilyn Burgess
District Clerk

Postmark
Here
NOV 5 2019

11-05-19

Postage
$ 1.30

Total Post
$ 7.60

Sent To

Street and

City, State

NORTHWESTERN MUTUAL LIFE
INSURANCE COMPANY
c/o C. Tait Cruse
5420 Lyndon B Johnson Freeway, Suite 1300
Dallas, Texas 75240-6299

PS Form

Unofficial Copy Office of Marilyn Burgess District Clerk

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

7019 0140 0000 5914 5176

P2

CAUSE NO.   201980323

RECEIPT NO.                                    75   0        CTM
**********                              R # 73692632

PLAINTIFF: RODRIGUEZ, MANUEL                    In The   269th
         vs.                                    Judicial District Court
DEFENDANT: NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY    of Harris County, Texas
                                                269TH DISTRICT COURT
                                                Houston, TX

CITATION (CERTIFIED)
THE STATE OF TEXAS
County of Harris

TO: NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY (A FOREIGN INSURANCE
    COMPANY) BY SERVING ITS ATTORNEY FOR SERVICE C AIT CRUSE

    5420  LYNDON B JOHNSON FWY SUITE 1300   DALLAS  TX  75240 - 6299

    Attached is a copy of <u>PLAINTIFFS' ORIGINAL PETITION</u>

This instrument was filed on the <u>4th day of November, 2019</u>, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 5th day of November, 2019, under my hand and
seal of said Court.



                                                *mail Burgen*

<u>Issued at request of:</u>                      MARILYN BURGESS, District Clerk
CALHOUN, MICHELLE LORRAINE                       Harris County, Texas
1350  N LOOP 1604                                201 Caroline, Houston, Texas 77002
SAN ANTONIO, TX  7823                            (P.O. Box 4651, Houston, Texas 77210)
Tel: (210) 495-6789
<u>Bar No.</u>: 24068246                           Generated By: CUERO, NELSON  7MM//11373384

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy  of  this  citation  together  with  an  attached  copy  of
 PLAINTIFFS' ORIGINAL PETITION
to the following addressee at address:

_____          _____
                                   ADDRESS

                                   Service was executed in accordance with Rule 106
_____            (2) TRCP, upon the Defendant as evidenced by the
(a) ADDRESSEE                            return receipt incorporated herein and attached
                                         hereto at
_____          _____
                                   on _____ day of _____, _____
                                   by U.S. Postal delivery to _____
                                   _____

                                   This citation was not executed for the following
                                   reason: _____
                                   _____

                                   MARILYN BURGESS, District Clerk
                                   Harris County, TEXAS

                                   By _____, Deputy

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

N. IT.CITM.P                         *73692632*

7019 0140 0000 5914 5176

CAUSE NO.   201980323

RECEIPT NO.                                    75.00      CTM
          **********                           TR # 73692632

---

PLAINTIFF: RODRIGUEZ, MANUEL                   In The     269th
          vs.                                  Judicial District Court
DEFENDANT: NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY    of Harris County, Texas
                                               269TH DISTRICT COURT
                                               Houston, TX

---

CITATION  (CERTIFIED)
THE STATE OF TEXAS
County of Harris

TO: NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY (A FOREIGN INSURANCE
    COMPANY) BY SERVING ITS ATTORNEY FOR SERVICE C TAIT CRUSE

    5420  LYNDON B JOHNSON FWY SUITE 1300    DALLAS TX 75240 - 6299

    Attached is a copy of <u>PLAINTIFFS' ORIGINAL PETITION</u>

This instrument was filed on the <u>4th day of November, 2019,</u> in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 5th day of November, 2019, under my hand and
seal of said Court.



                                                            Marilyn Burgess
<u>Issued at request of</u>:                             MARILYN BURGESS, District Clerk
CALHOUN, MICHELLE LORRAINE                               Harris County, Texas
1350  N LOOP 1604                                        201 Caroline, Houston, Texas 77002
SAN ANTONIO, TX  78232                                   (P.O. Box 4651, Houston, Texas 77210)
Tel: (210) 495-6789
<u>Bar No.</u>: 24068246                                  Generated By: CUERO, NELSON  7MM//11373384

---

CLERK'S RETURN BY MAILING

Came to hand the _____ day of _____, _____, and executed by
mailing to Defendant certified mail, return receipt requested, restricted delivery, a true
copy of this citation together with an attached copy of
 PLAINTIFFS' ORIGINAL PETITION
to the following addressee at address:

_____         _____

                                         ADDRESS
_____
                                         Service was executed in accordance with Rule 106
(a) ADDRESSEE                                (2) TRCP, upon the Defendant as evidenced by the
                                             return receipt incorporated herein and attached
_____             hereto at

                                         on _____ day of _____, _____
                                         by U.S. Postal delivery to _____
                                         _____

                                         This citation was not executed for the following
                                         reason: _____
                                         _____

                                         MARILYN BURGESS, District Clerk
                                         Harris County, TEXAS

                                         By _____, Deputy

N.INT.CITM.P                              *73692632*

12/5/2019 3:09 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 39012516
By: F Abdul-Bari
Filed: 12/5/2019 3:09 PM

CAUSE NO. 2019-80323

| | | |
|---|---|---|
| MANUEL AND ELAINE RODRIGUEZ, | § | IN THE DISTRICT COURT OF |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | |
| | § | |
| THE NORTHWESTERN MUTUAL | § | HARRIS COUNTY, TEXAS |
| LIFE INSURANCE COMPANY, | § | |
| | § | |
| | § | |
| Defendant. | § | 269TH JUDICIAL DISTRICT |

## THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' ORIGINAL PETITION

Defendant The Northwestern Mutual Life Insurance Company ("Northwestern Mutual") files this Answer and, in support, respectfully shows as follows:

## GENERAL DENIAL

1.      Northwestern Mutual asserts a general denial as authorized by Texas Rule of Civil Procedure 92 and demands that Plaintiffs be required to prove their allegations by a preponderance of the evidence and/or clear and convincing evidence as required by the Constitution, the laws of the United States of America, and the laws of the State of Texas.

## DEFENSES AND AFFIRMATIVE DEFENSES

Subject to and without waiving the foregoing general denial, Northwestern Mutual asserts the following defenses and affirmative defenses which, singularly or in combination, bar Plaintiffs' right to recover the damages sought in their petition:

2.      Plaintiffs' claims fail to state a claim upon which relief may be granted.

3.      Plaintiffs have not suffered any damages for which they could recover from Northwestern Mutual

4.      Plaintiffs failed to mitigate their damages, if any.

5.      Plaintiffs did not satisfy all conditions precedent to be entitled to the relief requested.

6.      Exemplary damages are not justified herein.  Alternatively, if Northwestern Mutual is found liable for exemplary or punitive damages, such damages must be limited under Texas Civil Practice and Remedies Code Section 41.001, *et. seq*. and the Due Process Clauses of the United States and Texas Constitutions.

7.      For any claims for punitive damages and/or pre-judgment interest, Northwestern Mutual asserts the limitations on punitive damages and pre-judgment interest in Sections 41.007 and 41.008 of the Texas Civil Practice and Remedies Code. Further, if prejudgment interest is recoverable, it is limited in accordance with Texas Finance Code section 304.101, *et seq*. If post-judgment interest is recoverable, it is limited in accordance with Texas Finance Code section 304.003(c).

8.      Northwestern Mutual reserves the right to plead or assert additional defenses that may become necessary and proper during the defense of this matter.

## PRAYER FOR RELIEF

Northwestern Mutual respectfully requests that the Court render a take-nothing judgment against Plaintiffs and award Northwestern Mutual all other relief to which it may be entitled.

Dated: December 5, 2019

Respectfully submitted,

JONES WALKER LLP

*/s/ Daniel J. Baldwin*
Daniel J. Baldwin
State Bar No.: 24078184
dbaldwin@joneswalker.com
811 Main, Suite 2900
Houston, TX 77002

Telephone:  (713) 437-1800
Facsimile:  (713) 437-1810
**Attorney for The Northwestern Mutual Life
Insurance Company**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 5, 2019, a copy of the above and foregoing was served on all counsel of record via e-service.

*/s/ Daniel J. Baldwin*
Daniel J. Baldwin

## 201980323 - RODRIGUEZ, MANUEL vs. NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY (Court 269)



Chronological    Print
History          All
*(non-financial)*

| | | |
|---|---|---|
| **Summary** | **Appeals** | **Cost Statements** |
| **Court Costs** | **Judgments/Events** | **Settings** |

| | |
|---|---|
| **Transfers** | **Post Trial Writs** |
| **Services/Notices** | **Court Registry** |

| | |
|---|---|
| **Abstracts** | **Parties** |
| **Child Support** | **Images** |

* Note: Only non-confidential public civil/criminal documents are available to the Public. All non-confidential Civil documents are imaged. In Criminal Cases, select non-confidential documents are available in electronic format (not every document is available for electronic viewing and a document may be filed in the case that is not viewable electronically). **If the case or Civil document you are looking for is not available and should be, please click here to notify Customer Service.**

**Purchase Order**
( 0 documents )

**Print List**

| Image No. | Type | Title | [Reset Sort] | Post Jdgm | Date | Pages | Add Entire Case |
|---|---|---|---|---|---|---|---|
| 87957511 | Filing | Certified mail tracking # 7019 0140 0000 5914 5176 | | | 11/05/2019 | 2 | Add to Basket |
| 88004620 | Filing | Certified Mail Receipt | | | 11/05/2019 | 1 | Add to Basket |
| 87930290 | Filing | Plaintiffs' Original Petition | | | 11/04/2019 | 9 | Add to Basket |

[WS4]